UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNETTE BAKAY and RICHARD BAKAY, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; TEV BARROS, D.V.M. (vt6853), individually: TEV M. BARROS and JANE DOE BARROS, a marital community; and DOES 1-10,<br><br>Defendants. | Case No.  C04-5803RJB<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT, GRANTING MOTION TO STRIKE AND DENYING MOTION TO AMEND COMPLAINT |

ORDER - 1

This matter comes before the Court on Plaintiffs Annette Bakay and Richard Bakay's Motion for Summary Judgment on Defendant Laurie Yarnes and Defendant Tracey Kellas's Malicious Prosecution Counterclaim (Dkt. 29) and Defendant Yarnes and Kellas's Motion to Strike (Dkt. 32), and Plaintiffs' Motion Seeking Leave to Amend Complaint (Dkt. 35). The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

I.     **BASIC and PROCEDURAL FACTS**

On January 4, 2000, both Laurie Yarnes and Tracey Kellas were commissioned as Clallam County Animal Control Officers. Dkt. 33, at 2. Plaintiffs' Complaint indicates this matter arose after Defendants wrongfully searched their cattery, seized their cats and destroyed around 40 of the 70, or so, cats. Dkt. 1. The remaining cats were returned to Plaintiffs and Defendants have not had any of Plaintiffs' cats in their possession since 2002. *Id.* As a result of the seizure and destruction of the cats, Plaintiffs have alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as a basis for claims under 42 U.S.C. § 1983, and several state law claims. *Id.* Defendants Yarnes and Kellas counterclaimed for malicious prosecution under RCW 4.24.350, characterizing Plaintiffs' Complaint as initiated without probable cause. Dkt. 1.

The statute at issue in the Motion for Summary Judgment is RCW 4.24.350(2), the basis for Yarnes and Kellas' counterclaim. Dkt. 29. RCW 4.24.350 provides:

> (1) In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.
>
> (2) In any action, claim, or counterclaim brought by a judicial officer, prosecuting authority, or law enforcement officer for malicious prosecution arising out of the performance or purported performance of the public duty of

ORDER - 2

such officer, an arrest or seizure of property need not be an element of the claim, nor do special damages need to be proved. A judicial officer, prosecuting authority, or law enforcement officer prevailing in such an action may be allowed an amount up to one thousand dollars as liquidated damages, together with a reasonable attorneys' fee, and other costs of suit. A government entity which has provided legal services to the prevailing judicial officer, prosecuting authority, or law enforcement officer has reimbursement rights to any award for reasonable attorneys' fees and other costs, but shall have no such rights to any liquidated damages allowed.

In this Motion for Summary Judgment, Plaintiffs urge the Court to dismiss Yarnes' and Kellas' counterclaim under RCW 4.24.350, arguing that animal control officers such as Yarnes and Kellas are not "law enforcement officers" as contemplated by the statute. Dkt. 29. Yarnes and Kellas respond that the plain language of the statute includes animal control officers and that it was the legislature's intent to include them. Dkt. 32. Yarnes and Kellas also move to strike portions of Plaintiffs' fact section in the motion. *Id.* Plaintiffs reply that the legislature knew of animal control officers, but did not include them, and that animal control officers do not have the same powers and duties as general law officers and so the statute does not cover them. Dkt. 34.

Plaintiffs also move to amend their Complaint, seeking additional relief in the form of 1) a declaratory judgment that the use of Beuthanasia-D on cats and intracardiac ("IC") injections on awake animals, for the purposes of euthanasia, constitutes animal cruelty and 2) an injunction ordering Clallam County and the Humane Society of Clallam County not to use Beuthanasia-D on cats and preventing the use of IC injections unless the animal is sedated. Dkt. 35. Defendants argue that (1) any declaratory judgment on the meaning of Washington's statutory definition of "animal cruelty" would constitute an advisory opinion, which is outside the case or controversy requirement of the United States Constitution, Article III; (2) Plaintiffs lack standing to seek injunctive relief because they can not show any future use of Beuthanasia-D would imminently harm them (Dkt. 37, at 3-7; Dkt. 36, at 5); and (3) rejection of a proposed

ORDER - 3

amendment to a complaint is appropriate when the issues raised by the proposed amendment are moot (Dkt. 36, at 6-7). Plaintiffs reply that 1) there is an actual dispute, that is the manner in which the Plaintiffs' cats were destroyed, 2) they have standing as municipal tax payers, and 3) the matter is not moot. Dkt. 38.

This opinion will address the Motion for Summary Judgment, the Motion to Strike and then the Motion to Amend the Complaint.

## II.   DISCUSSION

### A.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

ORDER - 4

e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B.   COVERED INDIVIDUALS UNDER RCW 4.24.350(2)

The sole issue to be determined in the Motion for Summary Judgment is whether animal control officers are included in that class of people permitted to bring a malicious prosecution counterclaim under RCW 4.24.350(2). Law enforcement officers are permitted to bring such a counterclaim under the statute. RCW 4.24.350(2). The statute defines a law enforcement officer as a "member of the state patrol, a sheriff or deputy sheriff, or a member of the police force of a city, town, university, state college, or port district, or a fish and wildlife officer or ex officio fish and wildlife officer as defined in RCW 77.08.010." RCW 4.24.350(3)(c). Yarnes and Kellas argue that they are deputy sheriffs. Dkt. 32. The statute does not further define "deputy sheriff." However, RCW 36.28.020 is relevant to the inquiry. It provides,

> Every deputy sheriff shall possess all the power, and may perform any of the duties, prescribed by law to be performed by the sheriff, and shall serve or execute, according to law, all process, writs, precepts, and orders, issued by lawful authority. Persons may also be deputed by the sheriff in writing to do particular acts . . . and the sheriff shall be responsible on his official bond for their default or misconduct.

RCW 36.28.020.

ORDER - 5

Yarnes and Kellas have been deputized by the Clallam County Sheriff for the limited purpose of animal control and are sheriff's deputies for purposes of the statute. Washington state allows either law enforcement agencies or animal care and control agencies to enforce its statutes prohibiting the cruelty to animals. RCW 16.52.015(1). Animal care and control agencies may only enforce these statues if they have legislative authority from the county or city. *Id.* At the time of the event in question, the Clallam County Sheriff's Department handled the enforcement of the cruelty to animals statutes, but that division was eliminated due to budget cuts in 2003. Dkt. 33 at 2. Yarnes and Kellas were deputized by the Clallam County Sheriff on January 4, 2000 for the limited purpose of animal control. Dkt. 33, Ex. 1 and 2; Dkt. 29, Ex. B. at 2. Yarnes' Certificate of Commission, signed by W.J. Hawe, Sheriff, stated that "I, W.J. Hawe, Sheriff of Clallam County, Washington, have this day appointed . . . Laurie Yarnes to the rank of Animal Control Officer of said County, my true and lawful Deputy in the office of Sheriff, giving him/her the power and authority to do and act in my name the same as I would in Law be empowered to do, if personally present . . . ." Dkt. 33, Ex.1. Further, in her Oath of Office, Yarnes swore to "preform the duties of Deputy Sheriff of Clallam County Washington to the best of [her] ability and understanding." *Id.* Kellas Certificate of Commission and Oath of Office read similarly. Dkt. 33, Ex. 2. It is clear that Yarnes and Kellas were deputized for limited purposes, but are Clallam County Sheriff's Deputies. Yarnes and Kellas are "sheriff's deputies" for purposes of RCW 4.24.350(3)(c), and may bring a counterclaim for the damages listed in RCW 4.24.350(2).

Plaintiffs argue that although Yarnes and Kellas are officers in a subdivision of the Clallam County Sheriff's Office, and identify themselves as deputy sheriffs, they do not have the same powers conferred upon generally commissioned law enforcement officers. Dkt. 29, at

ORDER - 6

6-14. As a result, Plaintiffs reason, they are not included in the class of law enforcement officers included in the statute. *Id.*

Yarnes and Kellas do not dispute that they had fewer powers than other deputies with general commissions. However, animal control officers have the power to issue citations, cause the arrest of a person violating the cruelty against animals statutes with assistance from officers with general commissions, to carry non-firearm protective devices, to prepare affidavits in support of search warrants, and to execute search warrants when accompanied by law enforcement officers with general commissions. RCW 16.52.015 (3). Animal control officers do have limited powers, but the statue also identifies others with limited jurisdictional powers who can bring a counterclaim under the statute, including a member of the police force of a university, state college, or port district, or a fish and wildlife officer or ex officio fish and wildlife officer. RCW 4.24.350(3)(c).

Plaintiffs also argue that the legislature knew of and decided not to include animal control officers as "law enforcement officers." Dkt. 34, at 3-6. Plaintiffs offer no direct evidence of this allegation. Plaintiffs urge the Court to infer this by pointing to discussion on the floor which indicated that the legislature intended to exclude private security firm officers from the bill. Dkt. 34 Ex. E., at 4-5. This argument is unpersuasive. Unlike officers in private security firms, animal control officers have some general law enforcement powers, including the power to issue citations. RCW 16.52.015(3)(a). Moreover, as discussed above, the Clallam County Sheriff expressly deputized Yarnes and Kellas for the limited purposes of animal control.

**C.    MOTION TO STRIKE**

1. Yarnes and Kellas's Motion to Strike is based on their objections to portions Plaintiffs' fact section in the Motion for Summary Judgment. Dkt. 32, at 2. Plaintiffs point to the Complaint for factual background regarding the events from which this matter arose. Dkt.

ORDER - 7

29, 2, 3. Plaintiffs do not cite to any other supporting evidence in the record regarding these factual allegations. They are of minimal import to the other motions before the Court at present (the Motion for Summary Judgment and Motion to Amend the Complaint) These facts should be stricken from the materials supporting the motions.

### D. MOTION TO AMEND COMPLAINT

Fed. Rule of Civ. Pro. 15(a) provides that leave to amend "shall be freely given when justice so requires." However, leave to amend a complaint should be denied where the amendment would be futile. *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1038-1039 (9th Cir. 2002)( citing *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276 (9th Cir. 1983)).

Under Article III, § 2 of the U.S. Constitution, this Court can only hear cases and controversies. As a result, it is well settled that federal courts do not issue advisory opinions. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101 (1998). Standing is key part of the case and controversy requirement.

> The irreducible constitutional minimum of standing contains three requirements. First and foremost, there must be alleged (and ultimately proved) an injury in fact--a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation--a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability--a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 102-103 (*internal citations omitted*).

Plaintiffs have failed to establish standing as to either of the two proposed amendments to their Complaint. The first portion of Plaintiffs' proposed amendment to the Complaint asks this Court to declare that the use of Beuthanasia-D on cats and IC injections on awake animals

ORDER - 8

constitutes animal cruelty. Dkt. 35, at 1. The second portion of Plaintiffs' proposed amendment seeks an injunction from this Court prohibiting Clallam County and The Humane Society of Clallam County from the use of Beuthanasia-D on cats and IC injections on awake animals. *Id.*

As to the first standing requirement, injury in fact, Plaintiffs have failed to allege a concrete harm. Plaintiffs do not dispute Defendants' contention that they are not currently using these methods for euthanasia or that Defendants do not have any of Plaintiffs cats. Plaintiffs merely allege a hypothetical harm - that if these methods are used, that their use is cruel. Plaintiffs also fail to allege causation, the second standing requirement. Plaintiffs do not allege any connection between a concrete injury and conduct of the Defendant. Plaintiffs also fail to establish redressability, the third standing requirement. In the first claim, Plaintiffs seek a declaration regarding the meaning of terms in the Washington criminal statute on animal cruelty (RCW 16.52.205-207) where no criminal action is pending in this Court. In the second claim, Plaintiffs seek to stop the use of methods which are not now being used. Plaintiffs have no more than a generalized interest in deterrence. A generalized interest in deterrence is insufficient for purposes of Article III. *Steel Co.* at 108-109. This Court should decline to allow Plaintiffs to amend their Complaint where the resulting relief, as in this case, would be an advisory opinion from this Court.

Plaintiffs argue that they have standing as a municipal taxpayers, citing *Cammack v. Waihee*, 932 F.2d 765 (9th Cir 1991), and do not address Defendants' argument that they do not have standing under Article III. Plaintiffs' position is without merit. "Taxpayer standing, by its nature, requires an injury resulting from a government's expenditure of tax revenues." *Doe v. Madison School Dist.,* 177 F.3d 789, 793 (9th Cir. 1999). "To establish standing in a state or municipal taxpayer suit under Article III, a plaintiff must allege a direct injury caused by the

ORDER - 9

expenditure of tax dollars; the pleadings of a valid taxpayer suit must set forth the relationship between taxpayer, tax dollars, and the allegedly illegal government activity." *Cantrell v. City of Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001).  When a plaintiff has failed to allege that the government spent specific amounts of tax dollars on the challenged conduct it is proper to deny standing. *Id.*

Here, Plaintiffs have not made a sufficient showing of a direct **pocketbook** injury resulting the Defendants past use of these forms of injections.  Plaintiffs have failed to allege the relationship between themselves as taxpayers, tax dollars, and allegedly illegal government activity.  Plaintiffs have failed to allege specific tax dollars used for these methods of euthanasia.  Instead, the injury Plaintiffs allege is a generalized injury - cruelty to animals.  Because Plaintiffs "have not alleged a direct injury caused by the expenditure of tax dollars, they have failed to satisfy the requirements of taxpayer standing for purposes of Article III." *Cantrell* at 683-684.

In addition to the standing issues, the court notes that the proposed amendment would be a supplemental claim under 28 U.S.C. § 1367.  The proposed declaratory judgment and injunction sought, however, are not "part of the same case or controversy" as the underlying complaint, as required by the statute.  While the subject matter may, to a limited extent, overlap, the proposed amendment does not arise out of the same events or connected series of events.  It stands alone as a separate claim.

Furthermore, no basis for federal jurisdiction over the proposed amendment is shown, and it apparently raises a novel issue of state law.  *See* 28 U.S.C. § 1367(c)(1).

The issues raised in the proposed amendment can properly be raised in a state proceeding if plaintiffs have state standing - or, in any event, the issues can be raised in appropriate political fora.

This Court should deny Plaintiffs' Motion Seeking Leave to Amend Complaint.

### III. ORDER

Therefore, it is now

**ORDERED** that Plaintiffs' Motion for Summary Judgment on Defendant Laurie Yarnes and Defendant Tracey Kellas's Malicious Prosecution Counterclaim (Dkt. 29) is **DENIED**, Yarnes and Kellas Motion to Strike (Dkt. 32) is **GRANTED** and Plaintiffs' Motion to Amend Complaint (Dkt. 35) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of April, 2005.

*Robert J. Bryan*

Robert J. Bryan
United States District Judge

ORDER - 11