UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNETTE BAKAY and RICHARD BAKAY, wife and husband,<br><br>           Plaintiffs,<br><br>   v.<br><br>LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; TEV BARROS, D.V.M. (vt6853), individually: TEV M. BARROS and JANE DOE BARROS, a marital community; and DOES 1-10,<br><br>           Defendants. | Case No.  C04-5803RJB<br><br>ORDER GRANTING SECOND MOTION TO AMEND COMPLAINT |

ORDER - 1

This matter comes before the Court on Plaintiffs Annette Bakay and Richard Bakay's Motion Seeking Leave to Amend Complaint. Dkt. 42. The Court has reviewed all documents filed in support of and in opposition to this motion, has reviewed the entire file, and is fully advised.

## I. BASIC and PROCEDURAL FACTS

Plaintiffs' Complaint indicates this matter arose after Defendants wrongfully searched their cattery, seized their cats and destroyed around 40 of the 70, or so, cats. Dkt. 1. The remaining cats were returned to Plaintiffs and Defendants have not had any of Plaintiffs' cats in their possession since 2002. *Id.* As a result of the seizure and destruction of the cats, Plaintiffs have alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as a basis for claims under 42 U.S.C. § 1983, and several state law claims. *Id.* Plaintiffs now move to amend their Complaint, seeking prejudgment interest on liquidated sums. Dkt. 42.

## II. DISCUSSION

Fed. Rule of Civ. Pro. 15(a) provides that leave to amend "shall be freely given when justice so requires." However, leave to amend a complaint should be denied where the amendment would be futile. *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1038-1039 (9th Cir. 2002)( citing *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276 (9th Cir. 1983)).

Plaintiffs' proposed amendment, the addition of prejudgment interest on liquidated sums, should be granted. In Washington, prejudgment interest is available on claims that are liquidated. *Hansen v. Rothaus*, 107 Wn.2d 468, 473-72 (1986). Defendants have not shown that they would be prejudiced in any manner by the amendment.

ORDER - 2

### III. ORDER

Therefore, it is now

**ORDERED** that Plaintiffs' Motion to Amend Complaint (Dkt. 42) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of May, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge

ORDER - 3