UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNETTE BAKAY and RICHARD BAKAY, husband and wife,

    Plaintiffs,

v.

LAURIE A. YARNES, et al.,

    Defendants.

Case No. C04-5803RJB

ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's July 19, 2005 Order. Dkt. 63. The Court has considered the relevant records, and the remainder of the file herein.

I. **FACTS**

Plaintiffs's Complaint indicates this matter arose after Defendants wrongfully searched their cattery, seized their cats, and destroyed around 40 of approximately 68 animals. Dkt. 46. The specific relevant facts are fully recounted in the opinion filed on July 19, 2005 and will not be repeated here. Dkt. 62. The July 19, 2005 order ("order"), in relevant part, granted Defendants' motion to dismiss emotional distress damages for Plaintiffs' conversion/trespass to chattel claims, and granted Plaintiffs' motion for summary judgment regarding Defendants' public duty doctrine affirmative defense in part, in-so-far as Defendants intended to raise it in regard to actions taken pursuant to RCW 16.52, and denied it otherwise. Dkt.62, at 16. Plaintiffs' now file a Motion for Reconsideration of certain portions of that order. Dkt. 63. Specifically, Plaintiffs argue that 1) the Court's determination that the proper measure of damages for their conversion/trespass to chattel claims is the fair market value of the lost cats was not properly before the

Court, 2) emotional distress damages are not tied to economic damages, and 3) legislative intent and special relationship both apply to negligent loss of bodies. Dkt. 63.

II. **DISCUSSION**

    A.     **LEGAL STANDARD**

Federal Local Rule CR 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

    B.     **MOTION FOR RECONSIDERATION**

Plaintiffs have failed to show a manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence under Federal Local Rule 7(h). Plaintiffs' first argument, that the Court's determination that the proper measure of damages for Plaintiffs' claims of conversion/trespass to chattel was not before the Court is without merit. Defendants motion was to exclude Plaintiff's assertion of emotional distress damages and for recovery of "sentimental damages" for all claims. Dkt. 48. Following *Pickford v. Masion*, 124 Wash. App. 257 (2004), and *Mieske v. Bartell Drug Co.,* 92 Wash.2d 40 (1979) the order noted,

> Here, as in *Pickford*, the proper measure of damages is the fair market value of the lost cats. The Complaint indicates the cats were used in the Plaintiffs' cat breeding business. Dkt. 46, at 7-8. Like the plaintiff in *Pickford*, Plaintiffs here urge that their cats are worth more than pieces of property. Plaintiffs fail to contend that a fair market value could not be obtained for the cats. In light of the Washington Supreme Court's classification of property (whether a market value could be obtained or not) and damages due for the destruction of that property under *Mieske*, the best measure of damages for Plaintiffs' conversion/trespass to chattel claim is the fair market value of the cats. In the absence of a showing that the cats had no market value, Defendant's Motion regarding emotional distress damages for Plaintiffs' claim of conversion/trespass to chattel should be granted.

Dkt. 62, at 8. Although the last line could have more clearly read, "[I]n the absence of pleading that no fair market value for the cats could be attained . . .", this is not an adequate basis upon which to grant a motion for reconsideration. Moreover, Plaintiffs' assertion that the Complaint indicates that the cats do not have a fair market value is not accurate. Dkt. 63, at 3. The Complaint indicates a fair market value could be attained, but that the value of the cats to the Plaintiffs exceeds that fair market value. Dkt. 46, at 7-8.

Plaintiffs' second argument does not provide an adequate basis upon which to reconsider the order. Plaintiffs are essentially reasserting their prior arguments. Plaintiffs citation to the holdings in *Birchler v. Castello Land Co., Inc.* 133 Wn.2d 106 (1997), **again** is unpersuasive, not the least because it was rejected by the *Pickford* court, a court which specifically considered whether emotional distress damages are available to pet owners for damage to their pets.

Plaintiffs' third argument fails to make the requisite showing under Federal Local Rule 7(h). Plaintiffs moved for summary dismissal of Defendants' public duty doctrine affirmative defense based on two exceptions to the defense: legislative intent and special relationship. Dkt. 55. The order granted this motion in-so-far as the Defendants seek to assert the defense in regard to actions taken pursuant to RCW 16.52, and denied the motion otherwise, but on different grounds than the Plaintiffs asserted. Dkt. 62, at 11-12 and 16. At this point, it does not appear that the Defendants seek to assert this defense in any other context. Plaintiffs now seek to reargue their prior position and urge the Court to, in essence, re-grant their motion for summary judgment on their asserted grounds.

The motion for reconsideration should be denied.

III. **ORDER**

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of the Court's July 19, 2005 Order (Dkt. 63) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of August, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge