UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNETTE BAKAY and RICHARD BAKAY, husband and wife,

    Plaintiffs,

v.

LAURIE A. YARNES, et al.,

    Defendants.

Case No. C04-5803RJB

ORDER

    This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's August 2, 2005 Order (Dkt. 68) which denied Plaintiff's Motion for Reconsideration of the Court's July 19, 2005 Order (Dkt. 63). The Court has considered the motion, the relevant records, and the remainder of the file herein.

    The relevant facts in this matter are fully recounted in the Court's July 19, 2005 order. Dkt. 62. The July 19, 2005 order, in relevant part, granted Defendants' motion to dismiss emotional distress damages for Plaintiffs' conversion/trespass to chattel claims, and granted Plaintiffs' motion for summary judgment regarding Defendants' public duty doctrine affirmative defense in part, in-so-far as Defendants intended to raise it in regard to actions taken pursuant to RCW 16.52, and denied it otherwise. Dkt.62, at 16. Plaintiffs filed a Motion for Reconsideration of certain portions of that order. Dkt. 63. The Court denied that Motion for Reconsideration on August 2, 2005. Dkt. 66. Plaintiffs now file a Motion for Reconsideration of the Court's denial of the Motion for Reconsideration. Dkt. 68. Plaintiffs additionally move for leave to amend their Complaint. *Id*. at 1.

ORDER
Page - 1

Federal Local Rule CR 7(h) provides in relevant part as follows:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiffs have failed to show a manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence under Federal Local Rule 7(h). The Court has addressed these issues on two separate occasions. The Motion for Reconsideration should be denied.

Plaintiffs have also requested leave to amend their Complaint in this Motion for Reconsideration (Dkt. 68) and have filed a separate Motion Seeking Leave to Amend Complaint (Dkt. 67). The Motion Seeking Leave to Amend Complaint (Dkt. 67) was stricken per Plaintiff's request. Dkts. 75 and 76. Plaintiffs appear to be requesting the same amendment in both motions. As a result, this motion to amend complaint should be stricken.

Plaintiffs also mention in a footnote that they are questioning the "Court's neutrality, it having invited the Defendants to bring a motion for qualified immunity and suggesting that it would exercise its right to reject supplemental jurisdiction over state claims, essentially removing the case to state court. The Bakays would not object if the Court preferred to recuse itself from this matter." Dkt. 68, at 6-7. Plaintiffs have not complied with 28 U.S.C. § 144 or Local Rule 8 (c) if this is intended as a motion for recusal. Accordingly, the Court should not construe this as a motion for recusal at this juncture. In any event, the Court's impartiality should not become suspect due to suggestions to counsel to explore legal issues raised by the pleadings but apparently overlooked.

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's August 2, 2005 Order (Dkt. 68) is **DENIED**, and Plaintiffs' motion for leave to amend their Complaint is **STRICKEN**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of August, 2005.

Robert J. Bryan
United States District Judge