UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNETTE BAKAY and RICHARD BAKAY, wife and husband, | |
| Plaintiffs, | Case No. C04-5803RJB |
| v. | |
| LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; TEV BARROS, D.V.M. (vt6853), individually; TEV M. BARROS and JANE DOE BARROS, a marital community; and DOES 1-10, | ORDER ON PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES (STATUTE OF LIMITATIONS; DUTY TO BAKAYS; WAIVER; ESTOPPEL, LACHES, UNCLEAN HANDS; DISCLOSED PRINCIPAL) |
| Defendants. | |

ORDER
Page - 1

1    This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment

2  on Defendants' Affirmative Defenses (Statute of Limitations, Duty to Bakays, Waiver, Estoppel,

3  Laches, Unclean Hands, Disclosed Principal) (Dkt. 69). The Court has considered the pleadings

4  filed in support of and in opposition to the motions and the file herein.

5                        PROCEDURAL AND FACTUAL BACKGROUND

6    Plaintiffs' pleadings indicate that this matter arose after Defendants searched the Lost

7  Mountain Cattery located on Plaintiffs' property in Sequim, Washington. Dkt. 46. On or

8  around December 10, 2001, Defendants seized approximately 68 "purebred" cats, and destroyed

9  40 of them without Plaintiffs' permission. *Id.* at 2.

10   According to the Complaint, in late November 2001, Clallam County received a barking

11  complaint from Plaintiffs' neighbor, prompting Animal Control Officer Yarnes to visit Plaintiffs'

12  property. *Id.* at 4. Plaintiffs were out of town. *Id.* Defendant Yarnes talked with a substitute

13  caretaker and the substitute caretaker's mother, the latter of whom "expressed concern for some

14  of the cats housed inside the property." *Id.* Yarnes returned the following day and made a

15  video tape. *Id* at 5. After obtaining a search warrant, which Plaintiffs contend was illegal,

16  members of the Clallam County Sheriff's Office returned to Plaintiffs' property on December 10,

17  2001 and seized approximately 68 cats. *Id.* Plaintiffs were home at the time of the seizure. *Id.*

18

19   While the Clallam County Sheriff's Office was at Plaintiffs' residence seizing the cats,

20  Plaintiff Richard Bakay contends that he asked Yarnes and another animal control officer,

    Defendant Tracey Kellas, if they intended to euthanize certain cats. Dkt. 50, at 2. Bakay states

21  they assured him no harm would come to the cats as long as he complied with the notice they

22  gave him, which indicated that he had 15 days to petition in court for the cats' return. *Id.*

23  Yarnes and Kellas deny giving Richard Bakay any such assurances. Dkts. 57 and 58.

24   The Complaint indicates veterinarian Defendant Tev M. Barros, D.V.M., examined the

25  cats and ordered the euthanasia of at least 42 of them. Dkt. 46, at 4. Plaintiffs' Complaint

26

ORDER
Page - 2

1  alleges that even though Dr. Barros was video taped examining the cats and making the decision

2  to euthanize each animal, Yarnes and Kellas were hidden off camera making signals to Dr.

3  Barros as to which animals should be killed. *Id.* at 7. That evening and the next morning,

4  Defendants killed the cats. *Id*. at 6. Later, Kellas served a search warrant on Plaintiffs'

5  veterinarian, Dr. Linda Allen, and seized two cats, one of which was euthanized. *Id.*

6  According to the Complaint, in late December 2001, the Clallam County Prosecuting

7  Attorney's Office filed 84 counts of animal cruelty charges against Plaintiff Annette Bakay. *Id.*

8  at 6. Clallam County then lost the bodies of the euthanized cats. *Id.* All counts against Annette

9  Bakay were dropped on November 12, 2002 pursuant to an Agreed Motion to Continue for

10  Dismissal signed August 27, 2002. *Id*.

11  The remaining 27 cats were returned to Plaintiffs, and Defendants have not had any of

12  Plaintiffs' cats in their possession since 2002. *Id.* According to the Complaint, Plaintiffs spayed

13  and neutered more than one half the remaining cats for various reasons. *Id.* Plaintiffs also lost

14  their Cat Fanciers' Association (CFA) license. *Id.*

15  As a result of the seizure and destruction of the cats, Plaintiffs have alleged violations of

16  the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as a basis for

17  claims under 42 U.S.C. § 1983, and several state law claims. Dkt. 46. Plaintiffs filed their

18  Complaint on November 29, 2004. Dkt. 1.

MOTION FOR SUMMARY JUDGMENT

19  On August 19, 2005, Plaintiffs filed a motion for summary judgment on Defendants'

20  affirmative defenses as follows:

21      (1)    **Statutes of Limitations** - as raised by Clallam County, Kellas and Yarnes; Dr.

22          Barros; and Schramm and the Clallam County Humane Society;

23      (2)    **No Duty Owed to Bakays** - as raised by Dr. Barros; and Schramm and the

24          Clallam County Humane Society;

25      (3)    **Waiver, Estoppel, Laches, Unclean Hands** - as raised by Dr. Barros; and

26

1    Schramm and the Clallam County Humane Society; and

2    (4)    **Disclosed Principal** - as raised by Dr. Barros.

3    Regarding the statutes of limitations affirmative defenses: Defendants Yarnes, Kellas,

4    and Clallam County concede in their Response that the statutes of limitations do not apply to

5    most of Plaintiffs' claims. Dkt. 77, at 1.  However, Defendants Yarnes, Kellas and Clallam

6    County argued that Plaintiffs' nuisance claim was precluded by the statute of limitations.  *Id.*  On

7    September 8, 2005, by stipulation of the parties, this Court dismissed Plaintiffs' nuisance claim.

8    Dkt. 89.  On the same day, Defendants Yarnes, Kellas and Clallam County withdrew their

9    Response and Cross Motion for Summary Judgment (Dkt. 77) and waived their statutes of

10   limitations defense.

11   Regarding the entire motion for summary judgment:  Defendants Schramm and the

12   Humane Society oppose the motion and request that the Court "recognize the status of ongoing

13   discovery and defer ruling until completion of discovery." Dkt. 81, at 3.  Defendants Schramm

14   and the Humane Society note it was only recently that schedules permitted taking the

15   depositions of Plaintiffs who now reside in Michigan.  *Id.*  Defendants also contend that

16   Plaintiffs' depositions indicate that discovery previously provided was incomplete.  *Id.*

17   Defendants draw particular attention to documents allegedly revealing that a number of cats and

18   kittens died of apparent malnutrition and disease well before the seizure of the animals by

19   Clallam County authorities.  *Id.*

20                                SUMMARY JUDGMENT STANDARD

21   Summary judgment is proper only if the pleadings, depositions, answers to

22   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

23   genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

24   law. Fed.R.Civ.P. 56 (c). The moving party is entitled to judgment as a matter of law when the

25   nonmoving party fails to make a sufficient showing on an essential element of a claim in the case

26   on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

ORDER
Page - 4

323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

A.      STATUTES OF LIMITATIONS

Plaintiffs have moved to strike Defendants' statutes of limitations affirmative defenses.  Defendants concede that the statutes of limitations do not apply to Plaintiffs' claims, with the exception of the nuisance claim, which has been dismissed.

1

B.        REMAINING AFFIRMATIVE DEFENSES

2

Fed. Rule of Civ. Pro. 56(f) provides:

3

4

5

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

6

7

In order to prevail under Rule 56(f), "parties opposing a motion for summary judgment

8

must make (a) a timely application which (b) specifically identifies (c) relevant information, (d)

9

where there is some basis for believing that the information sought actually exists." *Employers*

10

*Teamsters Local Nos. 175 and 505 Pension Trust Fund v. The Clorox Company,* 353 F.3d

11

1125, 1129 (9th Cir. 2004)(*internal citation omitted*).  The party seeking additional discovery

12

has the burden to proffer sufficient facts to show that the evidence sought exists, and that it

13

would prevent summary judgment. *Id.* at 1129.  "The district court does not abuse its discretion

14

by denying further discovery if the movant has failed diligently to pursue discovery in the past,

15

or if the movant fails to show how the information sought would preclude summary judgment."

16

*Id.* at 1130.

17

18

Plaintiffs' motion to dismiss all remaining affirmative defenses is premature.  This Court

19

recognizes that discovery in this case is ongoing, and further recognizes the importance of

20

completing the discovery process in order to ensure that Defendants obtain all facts essential to

21

justify their opposition to the motion.  Defendants Schramm and the Humane Society have

22

offered sufficient facts to provide a basis for the belief that further relevant information exists

23

and may be obtained in the near future.  Defendants have indicated, among other things, that

24

information regarding apparent malnutrition and disease of the animals before seizure by Clallam

25

County authorities exists, and that such information will likely support their remaining

26

ORDER
Page - 6

affirmative defenses.  Further, Defendants have not failed to diligently pursue discovery in the past.  Given the complexities of this case, and the multiple claims, it appears just and prudent to give the parties full opportunity to complete the discovery process before this Court determines whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law.  This course of action is consistent with Fed. Rule of Civ. Pro. 56(f).  Plaintiffs may file a motion addressing the issues raised in this motion once discovery has been completed.

ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Statute of Limitations, Duty to Bakays, Waiver, Estoppel, Laches, Unclean Hands, Disclosed Principal) (Dkt. 69) is **GRANTED IN PART and DENIED IN PART** as follows:

1) Plaintiffs' motion to strike the affirmative defenses of statutes of limitations is **GRANTED**, the statutes of limitations affirmative defenses are **STRICKEN**, and

2) Plaintiffs' motion to strike the affirmative defenses of no duty owed to Plaintiffs; waiver, estoppel, laches and unclean hands; and disclosed principle is **DENIED** without prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of September, 2005.

Robert J. Bryan
U.S. District Judge