1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNETTE BAKAY and RICHARD BAKAY, wife and husband,<br><br>                  Plaintiffs,<br><br>   v.<br><br>LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; TEV BARROS, D.V.M. (vt6853), individually; TEV M. BARROS and JANE DOE BARROS, a marital community; and DOES 1-10,<br><br>                  Defendants. | Case No. C04-5803RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY |

ORDER
Page - 1

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery from Defendants (Dkt. 91). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs' pleadings indicate that this matter arose after Defendants searched the Lost Mountain Cattery located on Plaintiffs' property in Sequim, Washington. Dkt. 46. On or around December 10, 2001, Defendants seized approximately 68 "purebred" cats, and destroyed 40 of them without Plaintiffs' permission. *Id.* at 2.

According to the Complaint, in late November 2001, Clallam County received a barking complaint from Plaintiffs' neighbor, prompting Animal Control Officer Yarnes to visit Plaintiffs' property. *Id.* at 4. Plaintiffs were out of town. *Id.* Defendant Yarnes talked with a substitute caretaker and the substitute caretaker's mother, the latter of whom "expressed concern for some of the cats housed inside the property." *Id.* Yarnes returned the following day and made a video tape. *Id* at 5. After obtaining a search warrant, which Plaintiffs contend was illegal, members of the Clallam County Sheriff's Office returned to Plaintiffs' property on December 10, 2001 and seized approximately 68 cats. *Id.* Plaintiffs were home at the time of the seizure. *Id.*

While the Clallam County Sheriff's Office was at Plaintiffs' residence seizing the cats, Plaintiff Richard Bakay contends that he asked Yarnes and another animal control officer, Defendant Tracey Kellas, if they intended to euthanize certain cats. Dkt. 50, at 2. Bakay states they assured him no harm would come to the cats as long as he complied with the notice they gave him, which indicated that he had 15 days to petition in court for the cats' return. *Id.* Yarnes and Kellas deny giving Richard Bakay any such assurances. Dkts. 57 and 58.

The Complaint indicates veterinarian Defendant Tev M. Barros, D.V.M., examined the cats and ordered the euthanasia of at least 42 of them. Dkt. 46, at 4. Plaintiffs' Complaint alleges that even though Dr. Barros was video taped examining the cats and making the decision

ORDER
Page - 2

to euthanize each animal, Yarnes and Kellas were hidden off camera making signals to Dr. Barros as to which animals should be killed. *Id.* at 7.  That evening and the next morning, Defendants killed the cats. *Id.* at 6.  Later, Kellas served a search warrant on Plaintiffs' veterinarian, Dr. Linda Allen, and seized two cats, one of which was euthanized. *Id.*

According to the Complaint, in late December 2001, the Clallam County Prosecuting Attorney's Office filed 84 counts of animal cruelty charges against Plaintiff Annette Bakay. *Id.* at 6.  Clallam County then lost the bodies of the euthanized cats. *Id.*  All counts against Annette Bakay were dismissed on November 12, 2002 pursuant to an Agreed Motion to Continue for Dismissal signed August 27, 2002. *Id.*

The remaining 27 cats were returned to Plaintiffs, and Defendants have not had any of Plaintiffs' cats in their possession since 2002. *Id.*  According to the Complaint, Plaintiffs spayed and neutered more than one half the remaining cats for various reasons. *Id.*  Plaintiffs also lost their Cat Fanciers' Association (CFA) license. *Id.*

As a result of the seizure and destruction of the cats, Plaintiffs have alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as a basis for claims under 42 U.S.C. § 1983, and several state law claims.  Dkt. 46.  Plaintiffs filed their Complaint on November 29, 2004.  Dkt. 1.  Defendants Laurie Yarnes and Tracey Kellas filed a Counterclaim for malicious prosecution under RCW 4.24.350(2) on January 28, 2005.  Dkt. 22.

<u>MOTION TO COMPEL DISCOVERY</u>

On September 12, 2005, Plaintiffs filed this Motion to Compel Discovery, requesting (1) an order compelling Defendants to respond to all outstanding discovery in 10 days, (2) an award of reasonable costs and fees, and (3) a continuance of depositions should court-ordered responses arrive after discovery cutoff.  Plaintiffs' counsel contends that he participated in a telephonic conference with Defendants' counsel in a good-faith effort to resolve these differences prior to bringing this motion, as required by Fed. R. Civ. P. 37.

On September 29, 2005, Plaintiffs filed a Reply, withdrawing their motion to compel against all defendants except for Defendants Kellas, Yarnes, and Clallam County. Dkt. 107. According to Plaintiffs' Reply, several requested documents have been received since Plaintiffs filed their motion to compel, and only the following issues remain:

**1. Production of documents pertaining to complaints filed against Defendants Yarnes and Kellas (Request for Production No. 8):** In response to Interrogatory No. 14, Defendants Yarnes and Kellas list three complaints that were filed against them while they were "employed in any capacity" (one against Defendant Yarnes, and two against Defendant Kellas). Defendants list the name of each person who filed the complaint, as well as their address and phone number. Defendants also state that each complaint was filed with the Clallam County Sheriff's Department, provide the filing date, and state that the disposition of each complaint was "unfounded." Plaintiffs contend that any documents pertaining to these complaints are pertinent to this action and should be produced by Defendants. Defendants contend, both in their answer to production requests and their response to this motion, that they do not possess any documentation regarding the complaints.

**2. Disclosure of financial information by Defendants Yarnes and Kellas in order to determine punitive damages under 42 U.S.C. § 1983 (Interrogatory No. 17):** Plaintiffs' interrogatory states, "In view of the fact that punitive damages are an element of this claim, state in detail all of your individual or, if married, marital community's assets as would be listed in Schedules A and B of an individual or marital joint Chapter 7 filing in United States Bankruptcy Court." Plaintiffs contend that this information is necessary because the financial position of the defendant is one of the factors that may be used for determining punitive damages, as stated in *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991). Plaintiffs argue that, if the jury finds that punitive damages are warranted, Plaintiffs should be prepared to dispute any attempt by Defendants to minimize their assets and liabilities at trial. Plaintiffs further contend that Defendants' malicious prosecution counterclaim should entitle Plaintiffs to this information, so

that Plaintiffs can dispute any claims regarding financial damages suffered by the Defendants. Defendants contend that punitive damages are not warranted in this case, and therefore the information is irrelevant. Defendants also contend that the discovery sought by Plaintiffs is not reasonably calculated to lead to discovery of admissible evidence, and would significantly burden Defendants Yarnes and Kellas. Defendants also contend that Plaintiffs served more than 25 interrogatories, which is the limit imposed under Fed. R. Civ. P. 33(a).

## DISCUSSION

With regard to Plaintiffs' request for documents pertaining to complaints filed against Defendants Yarnes and Kellas: Defendants have been clear in their answer and response that they do not possess these documents. The purpose of Fed. R. Civ. P. 34 is to allow the requesting party access to documents that are in the responding party's possession, custody, or control. *Kissinger v. Reporters Com. for Freedom of the Press*, 445 U.S. 136, 166 (1980). Plaintiffs have submitted a lengthy argument as to why this Court should compel discovery in this matter, but has not once alleged that Defendants are not telling the truth. Plaintiffs would have this Court compel a response to Plaintiffs' request for production, when a response has already been given. Unless Plaintiffs can make a showing that Defendants are purposefully withholding these documents–which is a serious charge that, if true, would almost certainly warrant sanctions–there is nothing for this Court to compel. Further, Defendants have already provided lengthy information regarding the complaints against Defendants Yarnes and Kellas, including the phone numbers of the people who filed the complaints. Plaintiffs have been given more than enough information to investigate the circumstances surrounding these complaints. Further action from the Defendants is not warranted.

With regard to disclosure of financial information by Defendants: Plaintiffs' interrogatory requests that Defendants list all assets "as would be listed in Schedules A and B of an individual or marital joint Chapter 7 filing in United States Bankruptcy Court." Requesting that Defendants list their assets in a manner consistent with the procedures followed in

Bankruptcy Court is inappropriate, because it calls for legal conclusions and expertise that are inconsistent with this cause of action. Both Plaintiffs and Defendants argue at length that this issue turns on whether punitive damages are warranted. Issues of fact remain, and, in any event, it is premature to consider now whether the events of trial will warrant instructions on punitive damages.

Defendants also contend that Plaintiffs served more than 25 interrogatories on Defendant Yarnes, and served more than 25 interrogatories on Defendant Kellas, in violation of the limits set forth under Fed. R. Civ. P. 33(a). Fed. R. Civ. P. 33(a) states: "Without leave of the court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discreet subparts, to be answered by the party served ..." It is clear to the Court that Plaintiffs filed more than 25 interrogatories when the discreet subparts are considered.

Both parties have also requested sanctions in this matter. Fed. R. Civ. P. 37(a)(4)(B) states:

> If the motion [to compel] is denied, the court ... shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiffs' original motion requested an order to compel discovery for at least 11 different interrogatories and/or requests for production. Defendants complied with many of these requests while this motion was pending. Plaintiffs then withdrew the majority of their discovery requests in their Reply. Defendants' last minute compliance suggests that they agreed with at least part of Plaintiffs' motion. Plaintiffs' remaining motion has been denied. For these reasons, the Court finds that awarding expenses to either party would be unjust.

ORDER
Page - 6

1

## ORDER

2    Therefore, it is hereby

3    **ORDERED** that Plaintiffs' Motion to Compel Discovery from Defendants (Dkt. 91) is

4 **DENIED** without prejudice.

5    The Clerk of the Court is instructed to send uncertified copies of this Order to all

6 counsel of record and to any party appearing *pro se* at said party's last known address.

7    DATED this 5th day of October, 2005.

8

9                                *[signature: Robert J. Bryan]*
                                 Robert J. Bryan
10                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26