04-CV-05803-ORD

FILED ____ LODGED
____ RECEIVED
DEC 06 2005
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNETTE BAKAY and RICHARD BAKAY, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; TEV BARROS, D.V.M. (vt6853), individually; TEV M. BARROS and JANE DOE BARROS, a marital community; and DOES 1-10,<br><br>Defendants. | Case No. C04-5803RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO FILE RESPONSE TO DEFENDANTS' REQUEST TO STRIKE MATERIALS |

ORDER
Page - 1

1   This matter comes before the Court on Plaintiffs' motion (Dkt. 175) to file three
2   overlength responses to Defendants' three requests to strike materials. On November 1, 2005,
3   Defendants filed three motions for summary judgment. Dkts. 113, 116, and 118. On
4   November 28, 2005, Plaintiffs filed three responses to the motions for summary judgment.
5   Dkts. 130, 128, and 133. On December 2, 2005, Defendants filed three replies to the motions
6   for summary judgment. Dkts. 158, 163, and 173. In the three replies, Defendants requested
7   that the Court strike materials in Plaintiffs' responses.

8   In this motion, Plaintiffs now seek permission to file three new briefs in opposition to
9   Defendants' three requests to strike materials. Plaintiffs also seek permission to make each
10  brief 10 pages in length, exclusive of exhibits. The Court has considered Plaintiffs' pleadings
11  filed in this matter and the file herein.

12  Requests to strike material contained in a motion or brief are governed by Local Rule
13  7(g), which states:

> Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion. **The single exception to this rule is for requests to strike material contained in or attached to a reply brief, in which case the opposing party may file a surreply requesting that the court strike the material, subject to the following:**
>
> (1) That party must notify all parties ... and the assigned judge's chambers ... as soon after receiving the reply brief as practicable that a surreply will be filed.
>
> (2) The surreply must be filed within five judicial days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike.
>
> (3) The surreply shall not exceed three pages.
>
> **(4) No response shall be filed unless requested by the court.**

(Emphasis added).

23  This rule is difficult to understand and requires care when reading. The second sentence
24  of the rule appears, at first glance, to authorize a party to file a surreply *opposing* a request to
25  strike materials that has already been filed. This, however, is not the rule. As noted in
26

ORDER
Page - 2

1  subsection four, the rule only allows a party to file a response (of any kind) to a request to strike
2  materials when *requested* by the Court. Further, the only time a surreply is authorized is when
3  a party seeks to strike materials that *appear in a reply*, and must therefore file a surreply in
4  order to make the request to strike.

5  In this instance, Defendants requested in their reply to each motion for summary
6  judgment to strike materials that appear in Plaintiffs' response to each motion for summary
7  judgment. As such, the rule does not allow Plaintiffs to file a surreply–or any other form of
8  brief–that opposes Defendants' request to strike, unless requested by the Court under subsection
9  four. The Court has not made such a request.

10 The Court has been adequately briefed by the parties regarding Defendants' request to
11 strike the materials which appear in Plaintiffs' response, and the Court does not require
12 Plaintiffs to file a brief opposing this matter at this time. Therefore, Plaintiffs' motion to file a
13 response to Defendants' request to strike materials should be denied.

## ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' motion to file a response to Defendants' request to strike materials (Dkt. 175) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this day of 6 December, 2005.

Robert J. Bryan
United States District Judge