UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNETTE BAKAY and RICHARD BAKAY, wife and husband,

    Plaintiffs,

v.

LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; and DOES 1-10,

    Defendants.

Case No. C04-5803RJB

ORDER DENYING PLAINTIFFS' MOTION FOR COMMISSION TO ISSUE OUT OF STATE SUBPOENA

ORDER
Page - 1

1   This matter comes before the Court on Plaintiffs' Motion for Commission to Issue Out-of-State Subpoena (Dkt. 195). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Plaintiffs request that this Court ask the United States District Court for the District of Oregon to issue a subpoena, ordering Loren Kellogg and Thomas Hamilton to appear as witnesses at trial here in Washington. Plaintiffs also request an order declaring that Defendants are responsible for travel and similar costs, should Plaintiffs prevail in this matter. Alternately, Plaintiffs seek leave to elicit trial testimony of these witnesses by telecast to reduce expenses.

According to Plaintiffs' motion, Hamilton and Kellogg formerly worked for Defendant Clallam County Humane Society, and both had direct interactions with former Humane Society Executive Director Judy Nikodym, who is now deceased. Plaintiffs contend that these witnesses possess information about, among other things, Nikodym's treatment of the cats and the Humane Society's loss of the cats' bodies after they were euthanized. Plaintiffs' counsel states that he located these witnesses after the discovery period was completed.

In their motion, Plaintiffs state "[w]hile the Bakays fully anticipate that these witnesses will testify voluntarily, in order to ensure their attendance and their fair compensation, the Bakays are proactively seeking court involvement." Dkt. 195, at 3.

Defendants point out that the testimony of these witnesses, which may involve hearsay and other inadmissible testimony, is a subject of some contention between the parties, and that Defendants plan to address these issues in motions in limine prior to trial.

After a review of the record, the Court finds that there is no substantial need for the Oregon court to become involved at this time. Further, the admissibility of the testimony should be addressed in the appropriate motions in limine before the Court "proactively" becomes involved in issuing such a subpoena, which may impose a hardship on the parties and an unnecessary burden on the Oregon court.

ORDER
Page - 2

1   Consequently, Plaintiffs' Motion for a commission to issue an out-of-state subpoena
2   should be denied without prejudice.

3                                         ORDER

4   Therefore, it is hereby

5   **ORDERED** that Plaintiffs' Motion for Commission to Issue Out-of-State Subpoena
6   (Dkt. 195) is **DENIED** without prejudice.

7   The Clerk of the Court is instructed to send uncertified copies of this Order to all
8   counsel of record and to any party appearing pro se at said party's last known address.

9   DATED this 29th day of December, 2005.

*[signature: Robert J. Bryan]*

Robert J. Bryan
United States District Judge