1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNETTE BAKAY and RICHARD BAKAY, wife and husband,

                Plaintiffs,

   v.

LAURIE A. YARNES, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER; LAURIE A. YARNES and TODD A. YARNES, a marital community; TRACEY KELLAS, in her individual and official capacity as CLALLAM COUNTY ANIMAL CONTROL OFFICER, and RANDOLPH J. KELLAS, husband and wife, a marital community; CLALLAM COUNTY ex rel. CLALLAM COUNTY SHERIFF'S OFFICE and CLALLAM COUNTY ANIMAL CONTROL, a Washington municipal corporation; CHARLES B. SCHRAMM, in his individual and official capacity as PRESIDENT OF HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; CHARLES B. SCHRAMM and JANE DOE SCHRAMM, a marital community; HUMANE SOCIETY OF CLALLAM COUNTY (UBI 601-141-356), a Washington nonprofit corporation; and DOES 1-10,

                Defendants.

Case No. C04-5803RJB

ORDER GRANTING DEFENDANTS YARNES, KELLAS, CLALLAM COUNTY SHERIFF'S OFFICE AND CLALLAM COUNTY ANIMAL CONTROL'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' STATE LAW CLAIMS

ORDER
Page - 1

This matter comes before the Court on Defendants Yarnes, Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control's Motion for Summary Judgment Dismissal of Plaintiffs' State Law Claims (Dkt. 117). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

<u>PROCEDURAL AND FACTUAL BACKGROUND</u>

The parties' pleadings indicate that this dispute arose after Defendant Clallam County Animal Control seized approximately 68 cats from the Lost Mountain Cattery located on Plaintiffs' property in Sequim, Washington. On December 9, 2001, Defendant obtained a search warrant that authorized the seizure of all of Plaintiffs' cats, based on testimony and belief that the cats were neglected and/or abused. The next day, Defendant seized 68 cats that allegedly appeared neglected and unhealthy, and later destroyed 40 of them without Plaintiffs' permission. The following is a brief summary of the alleged facts leading up to, and following, the seizure of Plaintiffs' cats.

According to Plaintiffs' Complaint, in late November 2001, Clallam County received a barking dog complaint from Plaintiffs' neighbor, prompting Animal Control Officer Laurie Yarnes to visit Plaintiffs' property. Dkt. 46, at 4. Plaintiffs were out of town. *Id.* On a return visit, Defendant Yarnes talked with a substitute caretaker and the substitute caretaker's mother, the latter of whom "expressed concern for some of the cats housed inside the property." *Id.*

Defendant Yarnes contends that the substitute caretaker, Danielle Orloff, and her mother, Tina Rocheleau, were very concerned about the welfare of the cats. Dkt. 116, at 2. Defendant Yarnes states that Orloff and Rocheleau described horrific conditions in which over 70 cats were forced to live, which included cat vomit and feces spread throughout Plaintiffs' residence, as well as the overwhelming odors of urine and feces. *Id.* at 3. Defendant Yarnes contends that Orloff and Rocheleau also stated that many of these cats appeared ill and neglected, with matted coats, runny eyes, and similar health problems. *Id.* During this meeting, Rocheleau escorted Defendant Yarnes around the exterior of Plaintiffs' residence, during which

time she saw, through the windows, many cats in enclosed spaces with insufficient ventilation. *Id.*

Shortly thereafter, Plaintiffs' primary caretaker, Andrea Gilles, returned an earlier phone call from Defendant Yarnes, and agreed to meet Defendant Yarnes at Plaintiffs' residence. *Id.* at 4. Gilles granted Defendant Yarnes permission to inspect the property from the outside. *Id.* Defendant Yarnes contends that she witnessed cats living in urine puddles, cats with mucus coming out of their noses, and cats in varying degrees of sickness. *Id.* Defendant Yarnes also contends that Gilles counted 64 cats living on the premises at that time. *Id.*

After obtaining a search warrant, which Plaintiffs contend was improperly issued, members of the Clallam County Sheriff's Office and Clallam County Animal Control entered Plaintiffs' property on December 10, 2001 and seized approximately 68 cats. Dkt. 46, at 5. Plaintiffs were home at the time of the seizure. *Id.* Plaintiff Richard Bakay contends that he asked Defendant Yarnes and another animal control officer, Defendant Tracey Kellas, if they intended to euthanize certain cats. Dkt. 50, at 2. Bakay states that they assured him no harm would come to the cats as long as he complied with the notice they gave him, which indicated that he had 15 days to petition in court for the cats' return. *Id.* Yarnes and Kellas deny giving Richard Bakay any such assurances. Dkts. 57 and 58.

Defendant Tev M. Barros, D.V.M., a licensed veterinarian, was present, at the request of Clallam County Animal Control, when the cats were seized. Plaintiffs allege that Barros examined the cats and ordered the euthanasia of at least 42 of them. Dkt. 46, at 4. Plaintiffs also allege that even though Defendant Barros was videotaped examining the cats and making the decision to euthanize several of them, Yarnes and Kellas were hidden off camera making signals to Dr. Barros as to which animals should be killed. *Id.* at 7. That evening and the next morning, the Clallam County Humane Society euthanized many of the cats. *Id*. at 6. Later, Kellas served a search warrant on Plaintiffs' veterinarian, Linda Allen, and seized two additional cats belonging to the Bakays, one of which was later euthanized. *Id.*

In late December 2001, the Clallam County Prosecuting Attorney's Office filed 84 counts of animal cruelty charges against Plaintiff Annette Bakay. *Id.* at 6. Clallam County later lost the bodies of the euthanized cats. *Id.* All charges against Annette Bakay were dropped pursuant to a stipulated motion for dismissal signed August 27, 2002. *Id.*

The remaining 27 cats were returned to Plaintiffs, and Defendants have not had any of Plaintiffs' cats in their possession since 2002. *Id.* Plaintiffs later spayed and neutered more than one half the remaining cats for various reasons. *Id.* Plaintiffs contend that they lost their Cat Fanciers' Association (CFA) license because of the publicity surrounding the seizure. *Id.*

As a result of the seizure and destruction of the cats, Plaintiffs have alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as a basis for claims under 42 U.S.C. § 1983, and several state law claims. Dkt. 46. Plaintiffs filed their Complaint on November 29, 2004. Dkt. 1.

### MOTION FOR SUMMARY JUDGMENT

On November 1, 2005, Defendants Yarnes, Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control filed a Motion for Summary Judgment, seeking dismissal of all state law claims brought against them in this matter. In their Complaint and subsequent pleadings, Plaintiffs allege the following state law claims against Defendants: (1) negligence, (2) trespass to chattels, (3) conversion, (4) trespass to land, (5) statutory waste, (6) tortious interference with business expectancy, (7) breach of fiduciary duty, (8) breach of bailment contract, and (9) outrage. In their Complaint and subsequent pleadings, Plaintiffs also allege violations of their rights under the Washington Constitution, which have not been addressed in Defendants' Motion for Summary Judgment and, therefore, are not addressed in this Order.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

A.   NEGLIGENCE

Plaintiffs argue that Defendants Yarnes, Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control were negligent in, among other things, procuring a search warrant, seizing over 70 of Plaintiffs' cats that were allegedly neglected and diseased, and

handing them over to the Clallam County Humane Society where approximately half of them were euthanized. Plaintiffs further argue that Defendants had a duty not to engage in the "wrongful death" of the cats. Dkt. 69, at 6.

In an action for negligence, the burden rests upon the plaintiff to establish "(1) the existence of the duty owed, (2) breach of that duty, (3) a resulting injury, and (4) proximate cause." *Tincani v. Inland Empire Zoological Society*, 124 Wn.2d 121, 127-28 (1994). The existence of a duty is a threshold question. If there is no duty, then a plaintiff does not have a valid claim. *Folsom v. Burger King*, 135 Wn.2d 658, 671 (1998). Whether a legal duty exists is a question of law for the court. *Pedroza v. Bryant*, 101 Wn.2d 226, 228 (1984). Plaintiffs have the burden of establishing the existence of a duty. *Lake Washington Sch. Dist. No. 414 v. Schuck's Auto Supply, Inc.*, 26 Wn.App. 618, 621 (1980). In a negligence action, a defendant's duty may be predicated on violation of statute or common law principles of negligence. *Bernethy v. Walt Failor's, Inc.*, 97 Wn.2d 929, 932 (1982).

Here, Plaintiffs have failed to show that any Washington statute extends a heightened duty to Plaintiffs in this matter. The Washington statute under which the animals were seized states that "[l]aw enforcement officers and licensed veterinarians shall be immune from civil and criminal liability for actions taken under this chapter if reasonable prudence is exercised in carrying out the provisions of this chapter." RCW 16.52.210. Assuming that Defendants owed a duty of reasonable care to Plaintiffs, either through the application of this statute or Washington common law, Plaintiffs have failed to show any credible evidence that Defendants breached this duty. There is no evidence in the record that the law enforcement officers acted unreasonably in investigating this matter, obtaining a warrant, seizing the cats in question, or delivering the cats to the Clallam County Humane Society. To the contrary, the evidence–including videotape of the cats and their environment at the time of seizure–strongly indicates that the law enforcement officers acted properly in these matters.

With regard to the ultimate euthanasia of many of the cats, the record clearly shows that

this decision was made by the Clallam County Humane Society, which was authorized by Washington statute to destroy the cats if they were suffering or diseased. Under RCW 16.52.085(4), euthanasia is allowed at *any* time for animals seized by the government that are deemed to be "severely injured, diseased, or suffering." Under Clallam County Code § 17.06.050, animals may be euthanized "as may be determined by the shelter officer or licensed veterinarian to be suffering from serious injury or disease." Because this decision rested with Clallam County Humane Society, not the law enforcement officers, Plaintiffs' negligence claim against the law enforcement officers with regard to the euthanasia of the cats must be dismissed as a matter of law. Once the cats were in the hands of the Humane Society, the law enforcement officers no longer had a duty to Plaintiffs, nor were their actions responsible for the destruction of the cats.

Plaintiffs also allege that Officers Yarnes and Kellas told Plaintiffs that they had 15 days from the date the cats were seized to petition the court for their return. Plaintiffs contend that this statement was made in error because many of the cats were euthanized within a day or two of their seizure. Assuming that the officers did not explain to Plaintiffs that the cats could be euthanized by the Humane Society at *any time* if found to be suffering under RCW 16.52.085(4), this omission does not rise to a level of actionable negligence. The officers did not have a duty to warn Plaintiffs that some of their cats may be euthanized by the Humane Society if found to be severely suffering or diseased, and–even if the officers did have a duty to warn–their failure to warn Plaintiffs did not result in Plaintiffs injuries, because the Humane Society would have euthanized the cats regardless of whether or not Plaintiffs received such notice.

Plaintiffs also suggest that the law enforcement officers were negligent in delivering over 60 cats to the Clallam County Humane Society at one time, and that the officers knew, or should have known, that the Humane Society could not care for so many animals and would be forced to euthanize them. This claim has no merit. The record clearly shows that the law enforcement

ORDER
Page - 7

officers acted properly when delivering the cats to the Humane Society, which was under contract with the County to receive such animals. Once the cats were delivered, the law enforcement officers no longer owed a duty to Plaintiffs with regard to their cats. Nor did any of their actions result in the euthanasia of the cats, because that decision rested solely with the Humane Society. If a duty was owed to Plaintiffs, it was owed by the Humane Society. The Humane Society was responsible for all treatment decisions–including whether to treat, euthanize, or transport the cats to another location–and they made the decision to euthanize some of the cats due to suffering and disease. If the Humane Society believed that their facility was overcrowded or inadequate, once they had possession of the cats, they could have transported the cats to another location.

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Because Plaintiffs' claims for negligence clearly fail for lack of duty and/or breach of duty, a further analysis of the other elements of Plaintiffs' negligence claims (i.e., proximate cause and damages) is moot. Consequently, Plaintiffs' claims for negligence against Defendants Yarnes, Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control should be dismissed with prejudice as a matter of law.

      B.      TRESPASS TO CHATTELS & CONVERSION

No cause of action for trespass to chattels or conversion exists if the defendant has legal authority to seize or take dominion over the plaintiff's property. *Martin v. Sikes*, 38 Wn.2d 274, 278 (1951). Clallam County acted pursuant to a valid warrant when it seized the cats, and Plaintiffs have failed by a wide margin to offer any credible evidence to support their claims for trespass to chattels and conversion in this matter. Consequently, these claims must be dismissed as a matter of law.

C.    TRESPASS TO LAND

With regard to the search and seizure at the Bakay residence on December 10, 2001, Plaintiffs have failed to offer any credible evidence that the search warrant was invalid, or that the scope of Defendants' search and seizure exceeded their authority under the warrant. With regard to the two warrantless searches by Officer Yarnes during the investigation prior to the seizure of the cats, the record clearly shows that Officer Yarnes both reasonably believed that consent was given to walk around the outside of the Bakay's residence on both occasions, and that consent was in fact given on both occasions by someone with joint access or control of the premises. Dkt. 99; Dkt. 100; Leitch Decl., Ex. 1 at 16. Consequently, Plaintiffs' claim for trespass fails as a matter of law. The two warrantless searches are discussed in greater detail in the Court's summary judgment order dismissing the federal claims in this matter. Dkt. 205, at 7-9.

D.    STATUTORY WASTE

Plaintiffs' statutory waste claim is based on RCW 4.24.630, which provides liability for the removal of valuable property from a person's land. The statute requires that the defendant knew, or had reason to know, that he or she lacked authority to remove the property. In this case, there is no evidence whatsoever to support Plaintiffs' statutory waste claim.

E.    BREACH OF FIDUCIARY DUTY

Plaintiffs further claim that a constructive trust arose when Clallam County law enforcement seized the cats, and therefore the euthanasia of the cats breached a fiduciary duty owed to Plaintiffs. This claim is without merit. Generally, "[u]nless an equitable base is established by evidence of intent, there must be some element of wrongdoing in order to impose a constructive trust." *Baker v. Leonard*, 120 Wn.2d 538, 548 (1993). No Washington court has recognized the existence of a constructive trust imposed on law enforcement officers after lawfully seizing evidence pursuant to a warrant. Further, as discussed above, the euthanasia was performed by the Clallam County Humane Society under RCW 16.52.085(4), not the law

enforcement officers. The suggestion that the law enforcement officers breached a fiduciary duty by turning over the cats to the Humane Society defies both common law and logic. Consequently, Plaintiffs' claim for breach of fiduciary duty fails as a matter of law.

F.   TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

An essential element of a claim for tortious interference with a business expectancy is that the defendant "interfered for an improper purpose or used improper means." *Havsy v. Flynn*, 88 Wn. App. 514, 518-19 (1997). Stated another way, the plaintiff must prove that the defendant had a duty of non-interference. *Kierburtz & Assoc., Inc. v. Rehn*, 68 Wn. App. 260, 267 (1992). Here, any interference by Clallam County law enforcement with Plaintiffs' business was done pursuant to a valid judicial warrant which authorized the seizure of the cats. Plaintiffs have failed to supply any evidence to the contrary, and Plaintiffs' claim fails as a matter of law.

G.   BREACH OF BAILMENT CONTRACT

Plaintiffs contend that a bailment contract was formed when Clallam County seized their cats, and was breached when some of the cats were euthanized rather than returned. Plaintiffs' reasoning and application of the law is misplaced. "A bailment arises generally when personality is delivered to another for some particular purpose with an express or implied contract to redeliver when the purpose has been fulfilled." *Freeman v. Metro Transmission, Inc.*, 12 Wn. App. 930, 932 (1975); *Gringrich v. Unigard Sec. Ins. Co.*, 57 Wn. App. 424, 432 (1990). In this case, Plaintiffs' cats were seized under a valid warrant issued in an animal cruelty investigation, and there was no express or implied contract to return the animals at any time. Any notice given by the officers that Plaintiffs could petition the court for the return of the cats within 15 days does not constitute a promise that the cats would be returned, just notice that Plaintiffs could seek a potential remedy through the court system. Once animals are removed by the state under RCW 16.52 *et. seq.*, return of the animals is not a guaranteed right. People who have their animals seized must petition the court to have them returned, and the court will only do so if the petitioner makes an adequate showing that the animals will not suffer under their

care. Moreover, the same statute that gives Plaintiffs the right to petition the court within 15 days also gives the state the right to euthanize animals that are suffering at any time. Consequently, a bailment contract was not created when the cats were seized, and not violated when the cats were euthanized. Plaintiffs' claim fails as a matter of law.

### H. OUTRAGE

A plaintiff claiming the tort of outrage as recognized in Washington must prove that the defendant's conduct was "*so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*" *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975) (emphasis in original). Moreover, a plaintiff must also prove that the outrageous conduct caused "severe emotional distress." *Id.* Further, the plaintiff must be present at the time of such conduct. *Reid v. Pierce County*, 136 Wn.2d 195, 202 (1998). Here, Plaintiffs have failed to show that the actions taken by Clallam County's law enforcement in this matter were outrageous in any way. Nor has Plaintiffs provided *any* credible evidence that they have suffered severe emotional distress as a result. Nor were Plaintiffs present when the cats in question were euthanized. Consequently, Plaintiffs' claim of outrage fails as a matter of law.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Caltrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Though questions of fact are generally reserved for a jury, the court may decide such issues as a matter of law if a reasonable jury could come to but one conclusion. *West v. State Farm Fire & Cas. Co.* 868 F.2d 348, 351 (9th Cir. 1988). Such is the case here with the above claims. Plaintiffs have failed to show credible evidence that there is a genuine issue of material fact with regard to any of these claims. The Court has construed all facts in the record in favor of Plaintiffs for the purpose of summary judgment, and determined that there is no evidence to

ORDER
Page - 11

support these claims. Consequently, they must be dismissed as a matter of law.

Plaintiffs have brought many claims in this suit against multiple defendants. So far, the Court has dismissed (1) all claims against Defendant Tev Barros, who is no longer a party to this lawsuit, (2) all federal claims brought under 42 U.S.C. § 1983 against Defendants Yarnes, Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control, and (3) all state tort and contract claims against Yarnes, Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control. **The Court has not dismissed any claims alleging violations of Plaintiffs' rights under the Washington Constitution, which to date have not been addressed by motion.**

ORDER

Therefore, it is hereby

**ORDERED** that Defendants Laurie Yarnes, Tracey Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control's Motion for Summary Judgment for Dismissal of Plaintiffs' State Law Claims (Dkt. 117) is **GRANTED**. Plaintiffs' claims against Defendants Laurie Yarnes, Tracey Kellas, Clallam County Sheriff's Office, and Clallam County Animal Control for (1) negligence, (2) trespass to chattels, (3) conversion, (4) trespass to land, (5) statutory waste, (6) tortious interference with business expectancy, (7) breach of fiduciary duty, (8) breach of bailment contract, and (9) outrage are dismissed with prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of December 2005.

                                            Robert J. Bryan
                                            U.S. District Judge